IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | | |
|---|---|---|
| JANE DOE, individually and<br>as guardian of John Doe, a minor | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: CAL 16-04136 |
| | : | |
| BOARD OF EDUCATION OF<br>PRINCE GEORGE'S COUNTY, *et al.* | : | |

RECEIVED

OCT 2 5 2017

PK LAW, P.A.

| | | |
|---|---|---|
| Defendants. | : | |
| _____ | : | |
| AYANA ANDREWS, Parent and<br>next friend of S.H., a minor | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: CAL 16-30864 |
| | : | |
| DEONTE LAVELL CARRAWAY, *et al.* | : | |
| | : | |
| Defendants | : | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the plaintiff, Ayana Andrews, as parent and next friend, on behalf of S.H., a minor, by and through counsel, and brings this cause of action against the defendants, Deonte Lavell Carraway, Prince George's County Board of Education, and the City of Glenarden on the grounds and in the amounts set forth herein.

### JURISDICTION

1.     Jurisdiction is vested in this Court pursuant to Maryland Code, Courts & Judicial Proceedings Article, § 1-501.

2.     This Court has personal jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings Article, § 6-102.

## VENUE

3.      Venue is proper pursuant to Maryland Code, Courts & Judicial Proceedings Article, §
6-201.

## THE PARTIES

4.      Plaintiff Ayana Andrews is an adult resident of the State of Maryland, County of
Prince George's and is under no legal disability. Plaintiff sues as parent and next friend on
behalf of S.H., a minor, who was injured as a result of various sexual assaults by Defendant
Deonte Carraway (hereinafter "Carraway").

5.      Upon information, knowledge and belief, Defendant Deonte Carraway is an adult
citizen of the United States and is a resident of Maryland. At all times relevant to this
complaint, Carraway acted individually and in his official capacity as an agent of the Prince
George's County Board of Education as a teacher's aide at Judge Sylvania Woods
Elementary School, located at 3000 Church Street, Glenarden, MD 20706.

6.      Defendant Prince George's County Board of Education (hereinafter the "Board") is
the governing body for the Prince George's County public school system in Maryland.
Defendant Carraway was employed for the 2015-2016 academic school year as a volunteer's
teacher aide for the Board.

7.      Defendant City of Glenarden (hereinafter the "City") is a municipal corporation in
Prince George's County Maryland. Carraway was the Choir Director of the City of
Glenarden Youth Voices, which held its practices in the City's James R. Cousins, Jr.
Municipal Center.

## FACTS

8.      The amount of this claim exceeds $75,000.00.

9.      S.H. is a twelve-year-old who has attended school at Judge Sylvania Woods
Elementary School (hereinafter the "School") since the third grade. S.H. was in the sixth
grade during the 2015-2016 academic year during the relevant times of this complaint.

10.     Carraway was employed as a teacher's aide at Judge Sylvania Woods Elementary School during the 2014-2015 academic year and returned as an unpaid volunteer teacher's aide during the 2015-2016 academic year.

11.     As a teacher's aide, Carraway was an agent of the Board pursuant to Md. Code, Educ. § 6-106(d).

12.     As a teacher's aide and volunteer, Carraway had a duty to ensure the care and safety of the students at Judge Sylvania Woods Elementary School, including S.H. Instead, Carraway used his position as a teacher's aide and as an agent of the Board to gain access to the School's students and to sexually assault and exploit them.

13.     The position Carraway held as a teacher's aide permitted him access to various areas of the School, including, but not limited to, the auditorium and bathrooms. Carraway was permitted to, and did in fact, remove students from their classrooms and escort them to various locations within the school.

14.     Some children were coerced and/or enticed to perform sexual acts in order to become part of a club called the "AKA Club" (hereinafter the "Club") which Carraway invented.

15.     In addition to admission into the Club, Carraway convinced children that sexual acts could lead to promotion to leadership positions within the Club.

16.     In this fashion, Carraway coerced and enticed students of Judge Sylvania Woods Elementary School to engage in sexual acts with him or with other students during school hours and in the building.

17.     Carraway would use his cell phone to record the minor children, to include S.H., engaged in sexual acts.

18.     Carraway's sexual abuse was well known throughout the student body at the school. During school hours, Carraway would show students the explicit videos he had recorded of students performing sexual acts with him and/or with other students.

19.    Carraway was able to have access to the school and the students through his position as a teacher's aide and volunteer, which was conferred upon him by Defendant Board of Education. As an agent of the school, Carraway was able to take advantage of the students' tender age to manipulate and deceive them and to ultimately force them to perform sexual acts as either he or another child by his direction recorded them.

20.    Carraway also used his agency with the Board to have students join the City of Glenarden Voices of Youth Choir.

21.    Upon information, knowledge and belief, in the beginning of the school year, a staff member at the School began to pass out flyers and to assist in recruiting children to participate in the Voices of Youth Choir, of which Carraway was the Director.

22.    Upon information, knowledge and belief, Carraway obtained the consent of the City of Glenarden to hold choir practice at the City of Glenarden's James R. Cousins, Jr. Municipal Center.

23.    The Municipal Center is a government building which houses the offices of the City's mayor, city manager, finance department, police department, code enforcement department, and public works department. The Municipal Center is also where the City Council meets.

24.    In early September 2015, after choir practice in the Municipal Center, Carraway showed S.H. a video of Carraway and another student engaged in sexual acts.

25.    In late September, again after choir practice had finished and in the Municipal Center, Carraway showed S.H. another two videos of students engaged in sexual acts with Carraway.

26.    In October, S.H. was at another student's house, along with Carraway. Carraway produced a cellular phone containing video that was pornographic in nature and made S.H. watch it. As before, the video contained imagery of Carraway and another minor child engaged in sexual acts.

27. In mid-November 2015, after choir practice, Carraway coerced S.H. to engage in sexual acts with another student in order to become part of the AKA Club. Carraway directed the two boys on what to do and recorded them.

28. In late November 2015, S.H. was at another student's house, along with Carraway. Carraway coerced S.H. and the other student to engage in sexual acts for AKA Club rewards. Carraway instructed the boys to go to the room and perform sexual acts on each other. After giving the boys instructions on what to do, Carraway set-up his cell phone on a dresser to record them.

29. In mid-January 2016, Carraway stopped S.H. in the hallway on his way to band practice and made him watch an explicit, pornographic video depicting another student displaying his private areas.

30. In late January, during lunch at school, Carraway made S.H. watch another two explicit videos of Carraway and another minor child engaged in sexual acts.

31. Carraway's connection to the City and the School provided a façade that he was trustworthy and capable of managing minor children. Carraway used this trust to sexually assault and exploit the minors for his own gratification.

**COUNT I**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(as to Carraway—early September 2015)**

32. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

33. In early September 2015, S.H. was present with the Glenarden Voices of Youth Choir at the Glenarden Municipal Center for the choir practice.

34. At the conclusion of practice, Carraway lured S.H. away from the other children and produced a cellular phone on which video footage was contained. The footage on the phone was pornographic in nature, and more specifically, depicted Carraway and a minor child known to S.H. unclothed and engaging in sexual acts.

35. Carraway, with no regard for S.H.'s wellbeing or welfare, played the video and made S.H. watch it.

36. This conduct on the part of Carraway constituted extreme and outrageous conduct which had the intention of causing, or which was in reckless disregard for the probability of causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic video.

37. Carraway's showing S.H. the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

38. As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

## COUNT II
### 18 U.S.C. 2252A(a)(6)
#### (as to Carraway—early September 2015)

39. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

40. 18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

41. 18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover

compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

42. Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage in sexual acts. Carraway distributed this video of himself and a minor child engaged in inappropriate and illegal sexual acts by having S.H. view the video in early September of 2015 at the Glenarden Municipal Center at the conclusion of choir practice.

43. S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was induced and persuaded to view an explicit pornographic video that Carraway possessed.

44. As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to Carraway—late September 2015)

45. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

46. In late September of 2015, S.H. was again at choir practice in the Municipal Center.

47. As before, Carraway intentionally segregated S.H. from the other children and produced a cellular phone containing video that was pornographic in nature.

48. Carraway played two separate videos which he required S.H. to watch. Each of the videos consisted of Carraway engaged in sexual acts with a minor child known to S.H.

49. This conduct on the part of Carraway constituted extreme and outrageous conduct which had the intention of causing, or which was in reckless disregard for the probability of causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic video.

50. Carraway's showing of the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

51. As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT IV
### 18 U.S.C. 2252A(a)(6)
### (as to Carraway—late September 2015)

52. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

53. 18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

54. 18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

55.     Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage in sexual acts. Carraway distributed this video of himself and another minor child engaged in inappropriate and illegal sexual acts by having S.H. view the video.

56.     S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was shown explicit pornographic videos that Carraway filmed of himself and another minor engaged in sexual acts.

57.     As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

        **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(as to Carraway—October 2015)**

58.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

59.     In October of 2015 S.H. was present at the home of a friend, also a minor child, who resided in the city of Glenarden.

60.     Carraway came to be present at the home while S.H. was there and in S.H.'s presence Carraway produced a cellular phone containing video that was pornographic in nature. Carraway played one of the videos and made S.H. watch it. As before, the video contained imagery of Carraway and a minor child engaged in inappropriate and illegal sexual acts.

61.     This conduct on the part of Carraway constituted extreme and outrageous conduct which had the intention of causing, or which was in reckless disregard for the probability of

causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic video.

62.     Carraway's showing of the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

63.     As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

     **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

COUNT VI
18 U.S.C. 2252A(a)(6)
(as to Carraway—October 2015)

64.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

65.     18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

66.     18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

67.     Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage

in sexual acts. Carraway distributed these videos of himself and another student engaged in illegal acts by having S.H. view the video.

68.     S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was shown explicit pornographic videos that Carraway filmed of himself and another minor engaging in sexual acts.

69.     As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to Carraway—mid-November 2015)

70.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

71.     In mid-November 2015, while at the municipal center, Carraway approached S.H. He did so with the intent to entice, induce and coerce S.H. into engaging in a sexual act with another minor child who was also present at the municipal center.

72.     As part of his effort to do so, Carraway presented to S.H. a fanciful tale of an elite club titled the "AKA Club". Carraway convinced him that membership in the group was selective, but that there were certain requirements for admission.

73.     Chief of those requirements, Carraway informed S.H., was that S.H. do as instructed, directed and commanded by Carraway and engage in sexual acts designated by Carraway, such acts to be performed with another minor child who was also present at the municipal center.

74.     It was a further requirement of Carraway that S.H. and the other minor child record themselves engaging in the sexual acts as directed by Carraway and that they subsequently turn the video over to Carraway once they had concluded the act.

75.     Carraway then provided S.H. with a cellular phone for use in recording the act and directed S.H. and the other minor child to an area within the municipal center identified and designated by Carraway for use in carrying out the sexual acts he had instructed them to perform.

76.     Carraway took advantage of S.H.'s minor age and involvement in the choir to sexually assault him.

77.     Carraway engaged in extreme and outrageous conduct with the intention of causing, or acted with reckless disregard for the probability of causing, severe emotional distress by inducing and/or persuading S.H. to engage in child pornography.

78.     Carraway's conduct was so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

79.     As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause S.H. great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

COUNT VIII
BATTERY
(as to Carraway—mid-November 2015)

80.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

81.    In mid-November 2015, after choir practice in the Municipal Center, Carraway intentionally induced and/or persuaded a minor child to engage in sexual acts with S.H.

82.    Through the use of force, coercion and persuasion, Carraway had S.H. submit himself to the sexual acts directed at him by the other minor child, the same being unwanted and undesired by S.H.

83.    By having another student touch S.H., Carraway intentionally set in motion acts that caused S.H. to be touched in a harmful and offensive manner by offending S.H.'s reasonable sense of personal dignity.

84.    Carraway took advantage of S.H.'s minor age and involvement in the choir to commit battery upon him.

85.    S.H., as a minor, was too young to consent and/or understand the severity of the situation.  Moreover, S.H. was intimidated and fearful of Carraway such that his actions and decisions were not his own, but were a product of coercion.

86.    As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

COUNT IX
18 U.S.C. 2252A(a)(7)
(as to Carraway—mid-November 2015)

87. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

88. 18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

89. 18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

90. Carraway violated 18 U.S.C. § 2252A(a)(7) by knowingly producing material that contains child pornography that was created by inducing and/or persuading a minor to engage in sexual acts.

91. S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was induced and/or persuaded to engage in sexual acts with another student while being filmed by Carraway.

92. As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT X
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (as to Carraway—late November 2015)

93. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

94.   In late November 2015, while S.H. was at another student's home, Carraway intentionally induced and/or persuaded S.H. to engage in sexual acts with another student.

95.   Carraway directed the minors on what to do and recorded the two engaged in sexual acts.

96.   Carraway engaged in extreme and outrageous conduct with the intention of causing, or acted with reckless disregard for the probability of causing, severe emotional distress by inducing and/or persuading S.H. to engage in child pornography.

97.   Carraway's conduct was so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

98.   As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT XI
### BATTERY
#### (as to Carraway—late November 2015)

99.   Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

100.  In late November 2015, while S.H. was at another student's home, Carraway intentionally induced and/or persuaded S.H. to engage in sexual acts with another student.

101.  Carraway directed the minors on what to do and recorded the two engaged in sexual acts.

102.   By having another student touch S.H., Carraway intentionally set in motion acts that caused S.H. to be touched in a harmful and offensive manner by offending S.H.'s reasonable sense of personal dignity.

103.   S.H., as a minor, was too young to consent and/or understand the severity of the situation.

104.   As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT XII
### 18 U.S.C. 2252A(a)(7)
(as to Carraway—late November 2015)

105.   Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

106.   18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

107.   18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

108.    Carraway violated 18 U.S.C. § 2252A(a)(7) by knowingly producing material that contains child pornography that was created by inducing and/or persuading a minor to engage in sexual acts.

109.    S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was induced and/or persuaded S.H. to engage in sexual acts with another student while being filmed by Carraway.

110.    As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

    **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT XIII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(as to Carraway—mid-January 2016)**

111.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

112.    In mid-January 2016, Carraway stopped S.H. in the hallway on his way to band practice and deliberately and intentionally showed S.H. a video of another student displaying his private areas.

113.    Carraway engaged in extreme and outrageous conduct with the intention of causing, or acted with reckless disregard for the probability of causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic video.

114.    Carraway's showing of the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

115.   As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

   **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT XIV**
**FALSE IMPRISONMENT**
(as to Carraway—mid-January 2016)

116.   Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

117.   In mid-January 2016, Carraway stopped S.H. in the hall way on his way to band practice and deliberately and intentionally showed S.H. a video of another student displaying his private areas.

118.   Carraway intentionally restricted S.H.'s freedom of movement without any justification.

119.   S.H., as a minor, was too young to consent and in any case did not consent to the restriction on his freedom of movement.

120.   As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

   **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally

related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT XV**
**18 U.S.C. 2252A(a)(6)**
**(as to Carraway—mid-January 2016)**

121.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

122.    18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

123.    18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

124.    Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage in sexual acts. Carraway distributed these videos of himself and another student engaged in illegal acts by having S.H. view the video.

125.    S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was shown an explicit pornographic video that Carraway filmed of another minor displaying his private areas.

126.    As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT XVI**

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to Carraway—late January 2016)

127.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

128.    In late January 2016, after lunch at School, Carraway deliberately and intentionally showed S.H. two pornographic videos of Carraway and another student engaged in sexual acts.

129.    Carraway engaged in extreme and outrageous conduct with the intention of causing, or acted with reckless disregard for the probability of causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic videos.

130.    Carraway's showing of the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

131.    As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

## COUNT XVII
## FALSE IMPRISONMENT
### (as to Carraway—late January 2016)

132.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

133.    In late January 2016, after lunch at School, Carraway intentionally confined S.H. in the auditorium in order to show him two explicit pornographic videos of Carraway engaged in sexual acts with another student.

134.    Carraway intentionally restricted S.H.'s freedom of movement without any justification.

135.    S.H., as a minor, was too young to consent and in any case did not consent to the restriction on his freedom of movement.

136.    As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT XVIII
### 18 U.S.C. 2252A(a)(6)
(as to Carraway—late January 2016)

137.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

138.    18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

139.    18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

140.  Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage in sexual acts. Carraway distributed these videos of himself and another student engaged in illegal acts by having S.H. view the video.

141.  S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was shown explicit pornographic videos that Carraway filmed of himself and another minor engaging in sexual acts.

142.  As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT XIX**
**NEGLIGENT SUPERVISION**
**(as to Prince George's County Board of Education)**

143.  Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

144.  During all relevant times hereto, Carraway was employed as an unpaid volunteer teacher's aide during the 2015-2016 academic year at Judge Sylvania Woods Elementary School.

145.  Carraway used his position as a teacher's aide and as an agent of the Board to gain access to minors and to sexually assault and exploit them.

146.  Carraway's actions were well known throughout the student body at the School and were done in various open areas of the School, such as the auditorium.

147. Upon information, knowledge and belief, school personnel, parents and students had raised concerns and/or issues regarding Carraway to the School's administration.

148. The Board of Education owed S.H. a duty to ensure proper supervision of its premises and staff and breached that duty by failing to do so.

149. The Board knew or should have known of Carraway's actions and incompetence to be retained as a teacher's aide, or in any capacity that permitted him access to children.

150. On multiple occasions Carraway was allowed, as a teacher's aid, to freely roam the school while himself not under the supervision of any teacher for whom he was supposed to be providing aid. It was among these such occasions that Carraway was allowed to remove children, to include S.H., from class for the purpose of abusing them.

151. As a direct and proximate result of the Board's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT XX
### NEGLIGENCE
### INADEQUATE SECURITY
#### (as to the City of Glenarden early September 2015)

152. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

153. The City of Glenarden is a landowner and has a duty to exercise reasonable care for the safety of invitees.

154. S.H. was a member of the Voices of Youth Choir when he was shown pornographic videos by Carraway at the Municipal Center in early September 2015.

155.     Upon information, knowledge and belief the Voices of Youth Choir held its practices with the consent and permission of City officials at the Municipal Center.

156.     Upon information, knowledge and belief Carraway sexually assaulted and exploited minors in various locations of the Municipal Center.

157.     The City breached its duty to protect S.H. from criminal activity that it knew or should have known of if it had exercised reasonable care.

158.     The City of Glenarden failed to properly supervise its premises and failed to monitor the activities that were being conducted at the Municipal Center. The City gave Carraway free range of the Municipal Center and had access to various locations in the Municipal Center, which catered to his needs to get the children alone.

159.     The City had a duty to control who it permitted to have access to the Municipal Center and a duty to supervise their employees, agents and others who use the Municipal Center.

160.     As a direct and proximate result of the City's actions, Plaintiff suffered damages, including but not limited to, emotional harm and distress, emotional trauma, humiliation, embarrassment, loss of privacy, and mental pain and suffering. Plaintiff will require psychological counseling and other treatment as a result of this abuse.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT XXI**
**NEGLIGENCE**
**INADEQUATE SECURITY**
**(as to the City of Glenarden late September 2015)**

161.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

162.    The City of Glenarden is a landowner and has a duty to exercise reasonable care for the safety of invitees.

163.    S.H. was a member of the Voices of Youth Choir when he was shown pornographic videos by Carraway at the Municipal Center in late September 2015.

164.    Upon information, knowledge and belief the Voices of Youth Choir held its practices with the consent and permission of City officials at the Municipal Center.

165.    Upon information, knowledge and belief Carraway sexually assaulted and exploited minors in various locations of the Municipal Center.

166.    The City breached its duty to protect S.H. from criminal activity that it knew or should have known of if it had exercised reasonable care.

167.    The City of Glenarden failed to properly supervise its premises and failed to monitor the activities that were being conducted at the Municipal Center. The City gave Carraway free range of the Municipal Center and had access to various locations in the Municipal Center, which catered to his needs to get the children alone.

168.    The City had a duty to control who it permitted to have access to the Municipal Center and a duty to supervise their employees, agents and others who use the Municipal Center.

169.    As a direct and proximate result of the City's actions, Plaintiff suffered damages, including but not limited to, emotional harm and distress, emotional trauma, humiliation, embarrassment, loss of privacy, and mental pain and suffering. Plaintiff will require psychological counseling and other treatment as a result of this abuse.

    **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT XXII**
**NEGLIGENCE**
**INADEQUATE SECURITY**

**(as to the City of Glenarden mid November 2015)**

170.   Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

171.   The City of Glenarden is a landowner and has a duty to exercise reasonable care for the safety of invitees.

172.   S.H. was a member of the Voices of Youth Choir when he was induced and/or persuaded to engage in sexual acts which Carraway recorded at the Municipal Center in early November 2015.

173.   Upon information, knowledge and belief the Voices of Youth Choir held its practices with the consent and permission of City officials at the Municipal Center.

174.   Upon information, knowledge and belief Carraway sexually assaulted and exploited minors in various locations of the Municipal Center.

175.   The City breached its duty to protect S.H. from criminal activity that it knew or should have known of if it had exercised reasonable care.

176.   The City of Glenarden failed to properly supervise its premises and failed to monitor the activities that were being conducted at the Municipal Center. The City gave Carraway free range of the Municipal Center and had access to various locations in the Municipal Center, which catered to his needs to get the children alone.

177.   The City had a duty to control who it permitted to have access to the Municipal Center and a duty to supervise their employees, agents and others who use the Municipal Center.

178.   As a direct and proximate result of the City's actions, Plaintiff suffered damages, including but not limited to, emotional harm and distress, emotional trauma, humiliation, embarrassment, loss of privacy, and mental pain and suffering. Plaintiff will require psychological counseling and other treatment as a result of this abuse.

   **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally

related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

Respectfully submitted,

**THE COCHRAN FIRM**

‎—————————————————————————
F. Scott Lucas, Esq.
1100 New York Avenue, N.W.
Suite 340, West Tower
Washington, D.C. 20005
Telephone: (202) 682-5800
Fax: (202) 408-8851
slucas@cochranfirm.com

## PRAYER FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all allegations contained herein.

‎—————————————————————————
F. Scott Lucas

## RULE 1-313 CERTIFICATION

**I HEREBY CERTIFY,** that I maintain an office in the District of Columbia, but that I am admitted to practice before the Court of Appeals of Maryland.

‎—————————————————————————
F. Scott Lucas

# IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

JANE DOE, individually and
as guardian of John Doe, a minor                   :

                    :

Plaintiffs,                             :

                    :

v.                                          :               Case No.: CAL 16-04136

                    :

BOARD OF EDUCATION OF
PRINCE GEORGE'S COUNTY, *et al.*              :

                    :

Defendants.                             :

_____ :

AYANA ANDREWS, Parent and                    :
next friend of S.H., a minor

                    :

Plaintiffs,                             :

                    :

v.                                          :               Case No.: CAL 16-30864

                    :

DEONTE LAVELL CARRAWAY, *et al.*            :

Defendants                              :

## COMPARISON COPY

COMES NOW the plaintiff, Ayana Andrews, as parent and next friend, on behalf of S.H.,

a minor, by and through counsel, and brings this cause of action against the defendants, Deonte

Lavell Carraway, Prince George's County Board of Education, and the City of Glenarden on the

grounds and in the amounts set forth herein.

## JURISDICTION

1.     Jurisdiction is vested in this Court pursuant to Maryland Code, Courts & Judicial

Proceedings Article, § 1-501.

2.     This Court has personal jurisdiction over the Defendants pursuant to Maryland

Code, Courts & Judicial Proceedings Article, § 6-102.

## VENUE

3.     Venue is proper pursuant to Maryland Code, Courts & Judicial Proceedings Article, §
6-201.

## THE PARTIES

4.     Plaintiff Ayana Andrews is an adult resident of the State of Maryland, County of
Prince George's and is under no legal disability. Plaintiff sues as parent and next friend on
behalf of S.H., a minor, who was injured as a result of various sexual assaults by Defendant
Deonte Carraway (hereinafter "Carraway").

5.     Upon information, knowledge and belief, Defendant Deonte Carraway is an adult
citizen of the United States and is a resident of Maryland. At all times relevant to this
complaint, Carraway acted individually and in his official capacity as an agent of the Prince
George's County Board of Education as a teacher's aide at Judge Sylvania Woods
Elementary School, located at 3000 Church Street, Glenarden, MD 20706.

6.     Defendant Prince George's County Board of Education (hereinafter the "Board") is
the governing body for the Prince George's County public school system in Maryland.
Defendant Carraway was employed for the 2015-2016 academic school year as a volunteer's
teacher aide for the Board.

7.     Defendant City of Glenarden (hereinafter the "City") is a municipal corporation in
Prince George's County Maryland. Carraway was the Choir Director of the City of
Glenarden Youth Voices, which held its practices in the City's James R. Cousins, Jr.
Municipal Center.

## FACTS

8.     The amount of this claim exceeds $75,000.00.

9.     S.H. is a twelve-year-old who has attended school at Judge Sylvania Woods
Elementary School (hereinafter the "School") since the third grade. S.H. was in the sixth
grade during the 2015-2016 academic year during the relevant times of this complaint.

10. Carraway was employed as a teacher's aide at Judge Sylvania Woods Elementary School during the 2014-2015 academic year and returned as an unpaid volunteer teacher's aide during the 2015-2016 academic year.

11. As a teacher's aide, Carraway was an agent of the Board pursuant to Md. Code, Educ. § 6-106(d).

12. As a teacher's aide and volunteer, Carraway had a duty to ensure the care and safety of the students at Judge Sylvania Woods Elementary School, including S.H. Instead, Carraway used his position as a teacher's aide and as an agent of the Board to gain access to the School's students and to sexually assault and exploit them.

13. The position Carraway held as a teacher's aide permitted him access to various areas of the School, including, but not limited to, the auditorium and bathrooms. Carraway was permitted to, and did in fact, remove students from their classrooms and escort them to various locations within the school.

14. Some children were coerced and/or enticed to perform sexual acts in order to become part of a club called the "AKA Club" (hereinafter the "Club") which Carraway invented.

15. In addition to admission into the Club, Carraway convinced children that sexual acts could lead to promotion to leadership positions within the Club.

16. In this fashion, Carraway coerced and enticed students of Judge Sylvania Woods Elementary School to engage in sexual acts with him or with other students during school hours and in the building.

17. Carraway would use his cell phone to record the minor children, to include S.H., engaged in sexual acts.

18. Carraway's sexual abuse was well known throughout the student body at the school. During school hours, Carraway would show students the explicit videos he had recorded of students performing sexual acts with him and/or with other students.

19.     Carraway was able to have access to the school and the students through his position as a teacher's aide and volunteer, which was conferred upon him by Defendant Board of Education. As an agent of the school, Carraway was able to take advantage of the students' tender age to manipulate and deceive them and to ultimately force them to perform sexual acts as either he or another child by his direction recorded them.

20.     Carraway also used his agency with the Board to have students join the City of Glenarden Voices of Youth Choir.

21.     Upon information, knowledge and belief, in the beginning of the school year, a staff member at the School began to pass out flyers and to assist in recruiting children to participate in the Voices of Youth Choir, of which Carraway was the Director.

22.     Upon information, knowledge and belief, Carraway obtained the consent of the City of Glenarden to hold choir practice at the City of Glenarden's James R. Cousins, Jr. Municipal Center.

23.     The Municipal Center is a government building which houses the offices of the City's mayor, city manager, finance department, police department, code enforcement department, and public works department. The Municipal Center is also where the City Council meets.

24.     In early September 2015, after choir practice in the Municipal Center, Carraway showed S.H. a video of Carraway and another student engaged in sexual acts.

25.     In late September, again after choir practice had finished and in the Municipal Center, Carraway showed S.H. another two videos of students engaged in sexual acts with Carraway.

26.     In October, S.H. was at another student's house, along with Carraway. Carraway produced a cellular phone containing video that was pornographic in nature and made S.H. watch it. As before, the video contained imagery of Carraway and another minor child engaged in sexual acts.

27. In mid-November 2015, after choir practice, Carraway coerced S.H. to engage in sexual acts with another student in order to become part of the AKA Club. Carraway directed the two boys on what to do and recorded them.

28. In late November 2015, S.H. was at another student's house, along with Carraway. Carraway coerced S.H. and the other student to engage in sexual acts for AKA Club rewards. Carraway instructed the boys to go to the room and perform sexual acts on each other. After giving the boys instructions on what to do, Carraway set-up his cell phone on a dresser to record them.

29. In mid-January 2016, Carraway stopped S.H. in the hallway on his way to band practice and made him watch an explicit, pornographic video depicting another student displaying his private areas.

30. In late January, during lunch at school, Carraway made S.H. watch another two explicit videos of Carraway and another minor child engaged in sexual acts.

31. Carraway's connection to the City and the School provided a façade that he was trustworthy and capable of managing minor children. Carraway used this trust to sexually assault and exploit the minors for his own gratification.

**COUNT I**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(as to Carraway—early September 2015)**

32. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

33. In early September 2015, S.H. was present with the Glenarden Voices of Youth Choir at the Glenarden Municipal Center for the choir practice.

34. At the conclusion of practice, Carraway lured S.H. away from the other children and produced a cellular phone on which video footage was contained. The footage on the phone was pornographic in nature, and more specifically, depicted Carraway and a minor child known to S.H. unclothed and engaging in sexual acts.

35. Carraway, with no regard for S.H.'s wellbeing or welfare, played the video and made S.H. watch it.

36. This conduct on the part of Carraway constituted extreme and outrageous conduct which had the intention of causing, or which was in reckless disregard for the probability of causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic video.

37. Carraway's showing S.H. the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

38. As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT II
### 18 U.S.C. 2252A(a)(6)
### (as to Carraway—early September 2015)

39. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

40. 18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

41. 18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover

compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

42.    Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage in sexual acts. Carraway distributed this video of himself and a minor child engaged in inappropriate and illegal sexual acts by having S.H. view the video in early September of 2015 at the Glenarden Municipal Center at the conclusion of choir practice.

43.    S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was induced and persuaded to view an explicit pornographic video that Carraway possessed.

44.    As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(as to Carraway—late September 2015)

45.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

46.    In late September of 2015, S.H. was again at choir practice in the Municipal Center.

47.    As before, Carraway intentionally segregated S.H. from the other children and produced a cellular phone containing video that was pornographic in nature.

48.    Carraway played two separate videos which he required S.H. to watch. Each of the videos consisted of Carraway engaged in sexual acts with a minor child known to S.H.

49.     This conduct on the part of Carraway constituted extreme and outrageous conduct which had the intention of causing, or which was in reckless disregard for the probability of causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic video.

50.     Carraway's showing of the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

51.     As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

        **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT IV
### 18 U.S.C. 2252A(a)(6)
### (as to Carraway—late September 2015)

52.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

53.     18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

54.     18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

55.     Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage in sexual acts. Carraway distributed this video of himself and another minor child engaged in inappropriate and illegal sexual acts by having S.H. view the video.

56.     S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was shown explicit pornographic videos that Carraway filmed of himself and another minor engaged in sexual acts.

57.     As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

    **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to Carraway—October 2015)

58.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

59.     In October of 2015 S.H. was present at the home of a friend, also a minor child, who resided in the city of Glenarden.

60.     Carraway came to be present at the home while S.H. was there and in S.H.'s presence Carraway produced a cellular phone containing video that was pornographic in nature. Carraway played one of the videos and made S.H. watch it. As before, the video contained imagery of Carraway and a minor child engaged in inappropriate and illegal sexual acts.

61.     This conduct on the part of Carraway constituted extreme and outrageous conduct which had the intention of causing, or which was in reckless disregard for the probability of

causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic video.

62. Carraway's showing of the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

63. As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT VI**
**18 U.S.C. 2252A(a)(6)**
**(as to Carraway—October 2015)**

64. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

65. 18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

66. 18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

67. Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage

in sexual acts. Carraway distributed these videos of himself and another student engaged in illegal acts by having S.H. view the video.

68.     S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was shown explicit pornographic videos that Carraway filmed of himself and another minor engaging in sexual acts.

69.     As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

        WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (as to Carraway—mid-November 2015)

70.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

71.     In mid-November 2015, while at the municipal center, Carraway approached S.H. He did so with the intent to entice, induce and coerce S.H. into engaging in a sexual act with another minor child who was also present at the municipal center.

72.     As part of his effort to do so, Carraway presented to S.H. a fanciful tale of an elite club titled the "AKA Club". Carraway convinced him that membership in the group was selective, but that there were certain requirements for admission.

73.     Chief of those requirements, Carraway informed S.H., was that S.H. do as instructed, directed and commanded by Carraway and engage in sexual acts designated by Carraway, such acts to be performed with another minor child who was also present at the municipal center.

74. It was a further requirement of Carraway that S.H. and the other minor child record themselves engaging in the sexual acts as directed by Carraway and that they subsequently turn the video over to Carraway once they had concluded the act.

75. Carraway then provided S.H. with a cellular phone for use in recording the act and directed S.H. and the other minor child to an area within the municipal center identified and designated by Carraway for use in carrying out the sexual acts he had instructed them to perform.

76. Carraway took advantage of S.H.'s minor age and involvement in the choir to sexually assault him.

77. Carraway engaged in extreme and outrageous conduct with the intention of causing, or acted with reckless disregard for the probability of causing, severe emotional distress by inducing and/or persuading S.H. to engage in child pornography.

78. Carraway's conduct was so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

79. As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause S.H. great pain and suffering, mental anguish and distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT VIII**
**BATTERY**
(as to Carraway—mid-November 2015)

80.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

81.     In mid-November 2015, after choir practice in the Municipal Center, Carraway intentionally induced and/or persuaded a minor child to engage in sexual acts with S.H.

82.     Through the use of force, coercion and persuasion, Carraway had S.H. submit himself to the sexual acts directed at him by the other minor child, the same being unwanted and undesired by S.H.

83.     By having another student touch S.H., Carraway intentionally set in motion acts that caused S.H. to be touched in a harmful and offensive manner by offending S.H.'s reasonable sense of personal dignity.

84.     Carraway took advantage of S.H.'s minor age and involvement in the choir to commit battery upon him.

85.     S.H., as a minor, was too young to consent and/or understand the severity of the situation.  Moreover, S.H. was intimidated and fearful of Carraway such that his actions and decisions were not his own, but were a product of coercion.

86.     As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT IX**
**18 U.S.C. 2252A(a)(7)**
**(as to Carraway—mid-November 2015)**

87.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

88.     18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

89.     18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

90.     Carraway violated 18 U.S.C. § 2252A(a)(7) by knowingly producing material that contains child pornography that was created by inducing and/or persuading a minor to engage in sexual acts.

91.     S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was induced and/or persuaded to engage in sexual acts with another student while being filmed by Carraway.

92.     As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

        **WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT X
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(as to Carraway—late November 2015)

93.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

94. In late November 2015, while S.H. was at another student's home, Carraway intentionally induced and/or persuaded S.H. to engage in sexual acts with another student.

95. Carraway directed the minors on what to do and recorded the two engaged in sexual acts.

96. Carraway engaged in extreme and outrageous conduct with the intention of causing, or acted with reckless disregard for the probability of causing, severe emotional distress by inducing and/or persuading S.H. to engage in child pornography.

97. Carraway's conduct was so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

98. As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT XI
### BATTERY
#### (as to Carraway—late November 2015)

99. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

100. In late November 2015, while S.H. was at another student's home, Carraway intentionally induced and/or persuaded S.H. to engage in sexual acts with another student.

101. Carraway directed the minors on what to do and recorded the two engaged in sexual acts.

102.    By having another student touch S.H., Carraway intentionally set in motion acts that caused S.H. to be touched in a harmful and offensive manner by offending S.H.'s reasonable sense of personal dignity.

103.    S.H., as a minor, was too young to consent and/or understand the severity of the situation.

104.    As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.


### COUNT XII
### 18 U.S.C. 2252A(a)(7)
### (as to Carraway—late November 2015)

105.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

106.    18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

107.    18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

108. Carraway violated 18 U.S.C. § 2252A(a)(7) by knowingly producing material that contains child pornography that was created by inducing and/or persuading a minor to engage in sexual acts.

109. S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was induced and/or persuaded S.H. to engage in sexual acts with another student while being filmed by Carraway.

110. As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

## COUNT XIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to Carraway—mid-January 2016)

111. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

112. In mid-January 2016, Carraway stopped S.H. in the hallway on his way to band practice and deliberately and intentionally showed S.H. a video of another student displaying his private areas.

113. Carraway engaged in extreme and outrageous conduct with the intention of causing, or acted with reckless disregard for the probability of causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic video.

114. Carraway's showing of the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

115. As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

COUNT XIV
**FALSE IMPRISONMENT**
(as to Carraway—mid-January 2016)

116. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

117. In mid-January 2016, Carraway stopped S.H. in the hall way on his way to band practice and deliberately and intentionally showed S.H. a video of another student displaying his private areas.

118. Carraway intentionally restricted S.H.'s freedom of movement without any justification.

119. S.H., as a minor, was too young to consent and in any case did not consent to the restriction on his freedom of movement.

120. As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally

related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

## COUNT XV
### 18 U.S.C. 2252A(a)(6)
### (as to Carraway—mid-January 2016)

121.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

122.    18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

123.    18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

124.    Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage in sexual acts. Carraway distributed these videos of himself and another student engaged in illegal acts by having S.H. view the video.

125.    S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was shown an explicit pornographic video that Carraway filmed of another minor displaying his private areas.

126.    As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

## COUNT XVI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to Carraway—late January 2016)

127.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

128.     In late January 2016, after lunch at School, Carraway deliberately and intentionally showed S.H. two pornographic videos of Carraway and another student engaged in sexual acts.

129.     Carraway engaged in extreme and outrageous conduct with the intention of causing, or acted with reckless disregard for the probability of causing, severe emotional distress to S.H. through his use of coercion and/or convincing S.H. to watch the pornographic videos.

130.     Carraway's showing of the pornographic video constitutes conduct that is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constitutes behavior intolerable in a civilized society.

131.     As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

     **WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

## COUNT XVII
## FALSE IMPRISONMENT
### (as to Carraway—late January 2016)

132.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

133.     In late January 2016, after lunch at School, Carraway intentionally confined S.H. in the auditorium in order to show him two explicit pornographic videos of Carraway engaged in sexual acts with another student.

134.     Carraway intentionally restricted S.H.'s freedom of movement without any justification.

135.     S.H., as a minor, was too young to consent and in any case did not consent to the restriction on his freedom of movement.

136.     As a direct and proximate cause of Carraway's actions, S.H. has suffered severe emotional distress. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

     **WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT XVIII**
**18 U.S.C. 2252A(a)(6)**
**(as to Carraway—late January 2016)**

137.     Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

138.     18 U.S.C. § 2252A prohibits conduct related to, among other things, knowingly possessing, creating, and distributing child pornography.

139.     18 U.S.C. § 2252A(f) provides that "[a]ny person aggrieved by reason of the conduct prohibited under" 18 U.S.C. § 2252A(a) or (b) may commence a civil action to recover compensatory and punitive damages, along with costs of the civil action and reasonable fees for attorneys and expert witnesses.

140.    Carraway violated 18 U.S.C. § 2252A(a)(6) by knowingly producing material that contains child pornography that was created by inducing or persuading a minor to engage in sexual acts. Carraway distributed these videos of himself and another student engaged in illegal acts by having S.H. view the video.

141.    S.H. is clearly an aggrieved victim of Carraway's conduct. S.H. is a minor who was shown explicit pornographic videos that Carraway filmed of himself and another minor engaging in sexual acts.

142.    As a direct and proximate result of Carraway's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

    **WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

<del>COUNT XIX</del>
<del>NEGLIGENT HIRING</del>
<del>(as to Prince George's County Board of Education)</del>

<del>143.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:</del>

<del>144.    During all relevant times hereto, Carraway was employed as an unpaid volunteer teacher's aide during the 2015-2016 academic year at Judge Sylvania Woods Elementary School.</del>

<del>145.    Carraway used his position as a teacher's aide and as an Agent of the Board to gain access to minors and to sexually assault and exploit them.</del>

<del>146.    Carraway's actions were well known throughout the student body at the School and were done in various open areas of the School, such as the auditorium.</del>

147. ~~Upon information, knowledge and belief the Board of Education failed to conduct the proper, necessary and reasonable investigations, background checks and interviews relating to Mr. Carraway prior to his hire.~~

148. ~~The School knew or should have known, and through the exercise of reasonable care would have known, of Carraway's lack of fitness and qualification to be retained as a teacher's aide, or in any capacity that permitted him access to children, but nevertheless hired him to become an aide at the school.~~

149. ~~As a direct and proximate result of the Board's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.~~

~~**WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.~~

## COUNT XIX ~~XX~~
## NEGLIGENT SUPERVISION
### (as to Prince George's County Board of Education)

150. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

151. During all relevant times hereto, Carraway was employed as an unpaid volunteer teacher's aide during the 2015-2016 academic year at Judge Sylvania Woods Elementary School.

152. Carraway used his position as a teacher's aide and as an agent of the Board to gain access to minors and to sexually assault and exploit them.

153. Carraway's actions were well known throughout the student body at the School and were done in various open areas of the School, such as the auditorium.

154. Upon information, knowledge and belief, school personnel, parents and students had raised concerns and/or issues regarding Carraway to the School's administration.

155. The Board of Education **owed S.H. a duty to ensure proper supervision of its premises and staff and breached that duty by failing to do so.** ~~failed to ensure proper supervision of its premises and staff.~~

156. The Board knew or should have known of Carraway's actions and incompetence to be retained as a teacher's aide, or in any capacity that permitted him access to children.

157. On multiple occasions Carraway was allowed, as a teacher's aid, to freely roam the school while himself not under the supervision of any teacher for whom he was supposed to be providing aid. It was among these such occasions that Carraway was allowed to remove children, to include S.H., from class for the purpose of abusing them.

158. As a direct and proximate result of the Board's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

~~COUNT XXI~~
~~MARYLAND DECLARATION OF RIGHTS ARTICLE 24~~
~~(as to Prince George's County Board of Education)~~

~~159. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:~~

~~160. Article 24 of the Maryland Declaration of Rights is construed as parallel to the Fourteenth Amendment of the United States Constitution and confers the same substantive rights on individuals.~~

161. ~~Article 24 of the Maryland Declaration of Rights protects a minor's substantive right to bodily integrity, personal security and the right to be free from sexual abuse.~~

162. ~~Carraway was an agent of the Board of Education and sexually assaulted and abused S.H. on various occasions as noted above, thereby violating the rights guaranteed to him by Article 24 of the Maryland Declaration of Rights.~~

163. ~~As a direct and proximate result of the Board's actions, S.H. has suffered injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.~~

~~**WHEREFORE,** Plaintiff demands judgment against the Defendants in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.~~

**COUNT XXII**
**NEGLIGENCE**
**INADEQUATE SECURITY**
**(as to the City of Glenarden early September 2015)**

164. Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

165. The City of Glenarden is a landowner and has a duty to exercise reasonable care for the safety of invitees.

166. ´ S.H. was a member of the Voices of Youth Choir when he was shown pornographic videos by Carraway at the Municipal Center in early September 2015.

167. Upon information, knowledge and belief the Voices of Youth Choir held its practices with the consent and permission of City officials at the Municipal Center.

168. Upon information, knowledge and belief Carraway sexually assaulted and exploited minors in various locations of the Municipal Center.

169. The City breached its duty to protect S.H. from criminal activity that it knew or should have known of if it had exercised reasonable care.

170.    The City of Glenarden failed to properly supervise its premises and failed to monitor the activities that were being conducted at the Municipal Center. The City gave Carraway free range of the Municipal Center and had access to various locations in the Municipal Center, which catered to his needs to get the children alone.

171.    The City had a duty to control who it permitted to have access to the Municipal Center and a duty to supervise their employees, agents and others who use the Municipal Center.

172.    As a direct and proximate result of the City's actions, Plaintiff suffered damages, including but not limited to, emotional harm and distress, emotional trauma, humiliation, embarrassment, loss of privacy, and mental pain and suffering. Plaintiff will require psychological counseling and other treatment as a result of this abuse.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

**COUNT XXI** ~~XXIII~~
**NEGLIGENCE**
**INADEQUATE SECURITY**
**(as to the City of Glenarden late September 2015)**

173.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

174.    The City of Glenarden is a landowner and has a duty to exercise reasonable care for the safety of invitees.

175.    S.H. was a member of the Voices of Youth Choir when he was shown pornographic videos by Carraway at the Municipal Center in late September 2015.

176.    Upon information, knowledge and belief the Voices of Youth Choir held its practices with the consent and permission of City officials at the Municipal Center.

177.    Upon information, knowledge and belief Carraway sexually assaulted and exploited minors in various locations of the Municipal Center.

178.    The City breached its duty to protect S.H. from criminal activity that it knew or should have known of if it had exercised reasonable care.

179.    The City of Glenarden failed to properly supervise its premises and failed to monitor the activities that were being conducted at the Municipal Center. The City gave Carraway free range of the Municipal Center and had access to various locations in the Municipal Center, which catered to his needs to get the children alone.

180.    The City had a duty to control who it permitted to have access to the Municipal Center and a duty to supervise their employees, agents and others who use the Municipal Center.

181.    As a direct and proximate result of the City's actions, Plaintiff suffered damages, including but not limited to, emotional harm and distress, emotional trauma, humiliation, embarrassment, loss of privacy, and mental pain and suffering. Plaintiff will require psychological counseling and other treatment as a result of this abuse.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

### COUNT XXII ~~XXIV~~
### NEGLIGENCE
### INADEQUATE SECURITY
### (as to the City of Glenarden mid November 2015)

182.    Plaintiff repleads and incorporates herein each and every allegation set forth above and further states as follows:

183.    The City of Glenarden is a landowner and has a duty to exercise reasonable care for the safety of invitees.

184. S.H. was a member of the Voices of Youth Choir when he was induced and/or persuaded to engage in sexual acts which Carraway recorded at the Municipal Center in early November 2015.

185. Upon information, knowledge and belief the Voices of Youth Choir held its practices with the consent and permission of City officials at the Municipal Center.

186. Upon information, knowledge and belief Carraway sexually assaulted and exploited minors in various locations of the Municipal Center.

187. The City breached its duty to protect S.H. from criminal activity that it knew or should have known of if it had exercised reasonable care.

188. The City of Glenarden failed to properly supervise its premises and failed to monitor the activities that were being conducted at the Municipal Center. The City gave Carraway free range of the Municipal Center and had access to various locations in the Municipal Center, which catered to his needs to get the children alone.

189. The City had a duty to control who it permitted to have access to the Municipal Center and a duty to supervise their employees, agents and others who use the Municipal Center.

190. As a direct and proximate result of the City's actions, Plaintiff suffered damages, including but not limited to, emotional harm and distress, emotional trauma, humiliation, embarrassment, loss of privacy, and mental pain and suffering. Plaintiff will require psychological counseling and other treatment as a result of this abuse.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00, any award to include compensation for Plaintiff's injuries, causally related medical expenses, pain and suffering, plus interest and costs of this action, and any other appropriate relief.

Respectfully submitted,

**THE COCHRAN FIRM**

_____
F. Scott Lucas, Esq.
1100 New York Avenue, N.W.
Suite 340, West Tower
Washington, D.C. 20005
Telephone: (202) 682-5800
Fax: (202) 408-8851
slucas@cochranfirm.com


### PRAYER FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all allegations contained herein.


_____
F. Scott Lucas

### RULE 1-313 CERTIFICATION

I **HEREBY CERTIFY**, that I maintain an office in the District of Columbia, but that I am admitted to practice before the Court of Appeals of Maryland.



_____
F. Scott Lucas