**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| AYANA ANDREWS, Parent & Next Friend of S.H., a minor * * Plaintiffs, * v. * BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, *et al.* * Defendants. * | Civil Action No.:  19-cv-00706-PJM |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENT TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Board of Education of Prince George's County (the "Board"), by its attorneys, Edmund J. O'Meally, Andrew G. Scott, Kambon R. Williams, and Pessin Katz Law, P.A., hereby submits this Opposition to Plaintiffs' Motion for Leave to File a Supplement to Plaintiffs' Opposition to the Board's Motion for Summary Judgment (hereinafter referred to as "Plaintiffs' Motion") (ECF 56).

**I.  ARGUMENT**

**A. Plaintiffs Do Not Provide the Court Any Legally Justifiable Reasons to Warrant the Filing of a Surreply.**

Plaintiffs' Motion explains that its purpose is "to supplement [Plaintiffs'] opposition to summary judgment on a discrete legal issue pending before the Court (*i.e.*, the criteria for an appropriate person under Title IX) and to provide an affidavit attesting to the contents of a statement already before the Court in Plaintiff's Opposition to Summary Judgment."  ECF 56 at 1.  As such, Plaintiffs' proposed "supplement" is nothing more than a proposed surreply.  Plaintiffs,

however, do not offer any reasons that would justify the filing of a surreply, and this Court should therefore deny Plaintiffs' Motion.

"In general, parties are not permitted to file sur-replies." *MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. CIV.A. RDB-12-02109, 2013 WL 1224484, at *6 (D. Md. Mar. 26, 2013) (citing Local Rule 105.2(a)); *see also* Local Rule 105.2(a) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). "A party moving for leave to file a surreply must show a need for a surreply." *MTB Servs.*, *supra*, at *6. "If a defendant raises new legal issues or new theories in its reply brief, there is a basis to permit a plaintiff to file a surreply." *Id.* (citing *TECH USA, Inc. v. Evans,* 592 F. Supp. 2d 852, 862 (D. Md. 2009), and *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.,* 566 F. Supp. 2d 460, 466 (D. Md. 2008)). "Moreover, '[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply.'" *Id.* (quoting *Khoury v. Meserve,* 268 F. Supp. 2d 600, 605 (D. Md. 2003)).

Plaintiffs' proposed "supplement" is not a response to any new issues, theories, or other matters presented for the first time in the Board's Reply to Plaintiffs' Opposition to the Board's Motion for Summary Judgment. Nor is Plaintiffs' proposed "supplement" an attempt to alert the Court to recent case law issued since the time Plaintiffs filed their Opposition. Rather, it is a naked attempt to get a second bite at the apple by bringing matters to the Court's attention that Plaintiffs could have easily included in their Opposition but chose not to do so. *See* ECF 56-1 at 1-2 (bringing to the Court's attention case law issued between 1999 and 2016); ECF 57 (bringing to the Court's attention the affidavit of minor M.W., which was executed in April 2019).

In short, Plaintiffs' have not offered any legally justifiable reason for the Court to permit Plaintiffs to file their surreply, and this Court should deny Plaintiffs' Motion accordingly. *See,*

*e.g., TECH USA, Inc.*, 592 F. Supp. 2d at 862 (denying the plaintiffs' motion for leave to file a surreply on the reasoning that, "[b]ecause Defendants have not raised any new issues or legal theories in their reply brief, there is no need for [the plaintiff] to respond to these allegations at this time"); *Khoury,* 268 F. Supp. 2d at 605-06 (denying the plaintiff's motion for leave to file a surreply on the reasoning that the plaintiff "had the opportunity" to present the argument in question "in her opposition brief; a surreply would not provide Plaintiff with her first chance to address the issue"); *MTB Servs.*, *supra*, at *6 (denying the defendant's motion for leave to file a surreply on the reasoning that the defendant "could have addressed [the issue in question] in its response pleading, but chose not to").

### B. In the Alternative, the Cases and Affidavit Plaintiffs Offer in their Surreply Do Not Alter the Applicable Legal Standard and Analysis.

In their proposed "supplement," Plaintiffs argue that the Board's policies regarding reporting sexual harassment make the issue as to who constitutes an "appropriate person" a question of fact. *See* ECF 56-1 at 1-4. But the cases Plaintiffs cite in support of that argument are from outside of the Fourth Circuit and directly conflict with the purely legal analysis conducted in the seminal case of *Baynard v. Malone*, 268 F.3d 228, 237 (4th Cir. 2001), *cert. denied,* 535 U.S. 954 (2002).

Moreover, the affidavit of M.W. (which claims that Principal Michelle Williams, in response to being informed that Carraway had given M.W. a choir flyer in the boys' bathroom, told M.W. to be careful in the future because Carraway "could have touched" M.W.) is immaterial because at most that statement supports an argument that Williams was on notice that Carraway only posed a *risk* of potential abuse—which, under *Baynard*, is clearly insufficient to constitute "actual notice." Moreover, the M.W. affidavit is immaterial because no reasonable jury could conclude that Principal Williams' response to the alleged flyer incident was deliberately indifferent

since it is undisputed that Williams immediately addressed the issue with M.W., M.W.'s parent, and Carraway.

In short, even if this Court were to grant Plaintiffs' Motion and consider their surreply, the case law and affidavit cited therein does not change the outcome of the applicable legal analysis.

## II.    CONCLUSION.

For the reasons discussed above, the Board respectfully requests that this Court deny Plaintiffs' Motion for Leave to File Supplement to Plaintiffs' Opposition to the Board's Motion for Summary Judgment.

Respectfully submitted,

/s/ (filed electronically)

_____

Edmund J. O'Meally
Federal Bar No. 04910
Andrew G. Scott
Federal Bar No. 29257
Kambon R. Williams
Federal Bar No. 29872
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
Tele:  (410) 938-8800
Fax:  (410) 832-5654
eomeally@pklaw.com
ascott@pklaw.com
kwilliams@pklaw.com

**ATTORNEYS FOR THE BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY**

**Certificate of Service**

I HEREBY CERTIFY that, on this 4th day of February, 2020, a copy of the foregoing was electronically served upon all counsel of record via this Court's CM/ECF system, and that a hard copy was mailed via first-class mail, postage prepaid, to:

Deonte Carraway – Register Number 61899-037
USP TUCSON
U.S. PENITENTIARY
P.O. BOX 24550
TUCSON, AZ  85734

**PRO SE DEFENDANT**

/s/ (filed electronically)

Andrew G. Scott